THOMAS, J.,
for the Court.
¶ 1. Pheliphae Coleman was convicted in the Bolivar County Circuit Court of deliberate design murder of his girlfriend, Natasha Hampton, and sentenced to a term of life imprisonment. He appeals asserting two errors: the State failed to prove him guilty beyond a reasonable doubt, and the circuit court erred in denying his motion for a judgment notwithstanding the *1066 verdict (JNOV). Finding no error, we affirm.
FACTS
¶ 2. Coleman and Hampton lived together in an apartment in Cleveland, Mississippi. Jo Atkins lived in the same apartment complex as did Coleman and Hampton. Atkins testified that on the evening of May 26, 2002, he was standing in a parking lot, across the street from the building in which Coleman and Hampton resided, having a conversation with his niece. Atkins heard two gunshots followed by the sound of a door shutting from the direction of the building. He told his niece that he was going to investigate, and as he started across the street, he saw Coleman come from behind the building, running along the building’s side. Atkins asked Coleman what happened. Coleman told him that his girlfriend had been shot. Coleman then turned and ran away, back in the direction from which he had come.
¶ 3. Atkins entered the building by its front door. He again encountered Coleman in a central hallway. The two men entered Coleman and Hampton’s apartment together and found Hampton lying on the floor with a gunshot wound to the head. Atkins asked Coleman who shot the woman, but Coleman did not answer. Atkins testified that he saw Coleman pick up a gun shell casing from the floor, and Atkins asked Coleman why he was removing evidence, but Coleman did not answer him and left the apartment. Atkins also testified that he observed the imprint of a handgun in the back pocket of Coleman’s pants.
¶ 4. Maralyn Lloyd lived in the same apartment complex as Coleman and Hampton. She testified that she had been outside her apartment taking out the trash, when Atkins told her a woman had been shot and to call the police. She also testified that Coleman left the scene at the same time as the Bolivar County Sheriffs Department arrived at the scene, and she also testified that she observed the outline of a handgun in Coleman’s back pants’ pocket. Coleman was arrested the next day.
ANALYSIS
¶ 5. As both assignments of error address the single issue of sufficiency of evidence, they will be addressed together. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). “Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court.” McClain, 625 So.2d at 778. This occurred when the lower court denied the motion for JNOV.
¶ 6. In this case, no direct evidence linked Coleman to the murder, and Coleman contended that he merely happened upon his girlfriend after she had been fatally shot by herself or some unknown person. The test to be applied in considering the sufficiency of the proof based on circumstantial evidence is “whether a rational fact finder might reasonably conclude that the evidence excludes every reasonable hypothesis inconsistent with guilt of the crime charged.” Shields v. State, 702 So.2d 380, 382 (Miss.1997) (citing Deloach v. State, 658 So.2d 875, 876 (Miss.1995)). “Circumstantial evidence need not exclude every ‘possible doubt,’ but only every other ‘reasonable’ hypothesis of innocence.” Neal v. State, 805 So.2d 520(¶20) (Miss.2002) (quoting Tolbert v. State, 407 So.2d 815, 820 (Miss.1981)). Dr. Steven Hayne performed an autopsy, and his testimony rebutted the *1067 contention of suicide. He testified that Hampton died of a small caliber gunshot wound, and that the gun was at least a foot away from her head when it was fired. Further, Hampton was right-handed, and the wound was to the left side of her head. So, it was unlikely that she would attempt suicide by holding a handgun in her less dominant hand and firing the gun from a foot away. The testimony of two witnesses that Coleman’s pants pocket showed the outline of a handgun on the evening of the shooting, his suspicious behavior in removing a shell casing, and his refusal to answer the question of a bystander as to who shot Hampton, as well as his leaving the scene upon the appearance of law enforcement, created an inference of Coleman’s guilt. Additionally, Atkins’ testimony of how he initially encountered Coleman could be interpreted as showing Coleman attempted to flee the scene even before the body was discovered. We find the contentions of suicide and/or innocent happenstance were not reasonable in light of the evidence introduced at trial. There is no merit to this assignment of error.
¶ 7. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCE TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.